UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINETTE E. DUKES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　　Defendant. | No. CV 06-7269-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I.

## INTRODUCTION

Plaintiff appeals the denial of her claim for benefits by Defendant Social Security Administration (hereinafter the "Agency"). She claims that the Agency erred when it concluded at step two that she did not suffer from a severe impairment. For the reasons set forth below, the Agency's decision is reversed and the case is remanded for further proceedings consistent with this decision.

Plaintiff is a 28-year-old woman with a history of psychiatric and substance abuse issues. In January 2005, she filed a claim for supplemental security income benefits. (Administrative Record ("AR") 42-46.) She listed her address as an apartment in Canoga Park,

California, which she shared with her husband and their four children. (AR 43.)  In evaluating her claim, the Agency determined that Plaintiff needed a mental/psychiatric evaluation by a psychiatrist. (AR 75.)  In April 2005, the Agency sent a notice to Plaintiff at the Canoga Park address to inform her of an upcoming May 17, 2005, doctor's appointment for that purpose.  (AR 75.)  On May 7, 2005, the Agency sent a reminder notice to Plaintiff at the Canoga Park address. (AR 75.)  Plaintiff failed to appear at the appointment.  (AR 75.) The Agency then sent Plaintiff a notice regarding her failure to appear at the appointment, requesting that she make arrangements to reschedule it.  (AR 76.)  Plaintiff failed to respond.  (AR 76.) Because Plaintiff failed to appear for her appointment (and failed to respond to the notice about the missed appointment) and because the Agency concluded that there was insufficient evidence in the record to find that she was disabled without input from a consultative examiner, it denied her claim for benefits.   (AR 24-26.)

Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was granted. (AR 145-66.)  Plaintiff appeared with counsel and testified.  On March 20, 2006, the ALJ issued a decision, denying Plaintiff's claim.  (AR 18-21.)  He concluded at step two that Plaintiff did not have a severe impairment that would significantly limit her ability to do basic work activities.  (AR 19-20.)  The basis for his determination appears to be that Plaintiff had refused to attend the consultative examination and that the evidence in the record was insufficient to establish that she was disabled.  (AR 20.)

Plaintiff claims in this appeal that the ALJ erred when he:
1.   Failed to consider the medical evidence to determine if Plaintiff's impairment was severe;

1   2.  Failed to conclude that Plaintiff's impairment was severe;
2   3.  Concluded that Plaintiff's failure to attend the
3       consultative examination was an adequate basis for
4       concluding that her claim was without merit.
5   4.  "Assumed" that Plaintiff received notice of the examination.
6 (Joint Stip. 5-8.)

The starting point for the Court's analysis is the fourth issue--whether the ALJ erred by "assuming" that Plaintiff had received the notices regarding the examination. This attack really goes to the ALJ's finding that Plaintiff was not credible. In addressing the ALJ's credibility decision, the Court focuses on the reasons set forth by the ALJ in his decision and determines whether these reasons are sufficiently clear and convincing to support it. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)(holding it is error to affirm ALJ's credibility finding for reasons the ALJ did not discuss); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)(as amended)(setting forth "clear and convincing" standard necessary to reject claimant's credibility). The Court concludes that the reasons provided by the ALJ are not sufficient to support his determination that Plaintiff was not credible.

In reaching his determination that Plaintiff was not credible, the ALJ merely set forth in conclusory fashion that Plaintiff's reasons for failing to attend the consultative examination were not credible. (AR 20.) There is no explanation as to why her reasons were not credible. Presumably, the ALJ simply did not believe Plaintiff's testimony at the administrative hearing that she was not living at the Canoga Park address when the notices were sent. (AR 154-55.) But he did not say that. For this Court to uphold this

finding, it must identify the ALJ's stated reasons for rejecting Plaintiff's credibility and analyze whether they are sufficient. Because the ALJ did not set forth any reasons for his finding, the Court is unable to perform this analysis and, therefore, reversal is mandated.

The Agency provides one reason in its brief for the ALJ's credibility finding.  It argues that Plaintiff's claim that she was not at the Canoga Park address in April and May of 2005 is belied by the fact that, when the Agency sent its denial letter in June 2005 to the Canoga Park address, Plaintiff responded within the 60-day time limit, asking for a hearing before an ALJ.  (Joint Stip. at 9.)  There are several problems with the Agency's argument here.  First, the ALJ never cited this as a reason for rejecting Plaintiff's claim that she never received the notices.  Thus, the Court cannot rely on it.  *See Connett*, 340 F.3d at 874.  Second, the Plaintiff's statements in her written request for a hearing following the denial letter contradict the Agency's claim that it was in response to the denial letter.  In the request, Plaintiff states at the outset that she "never received any correspondence [from the Agency] after the initial interview."[1] (AR 30.)  Third, even assuming Plaintiff had received the denial letter, it is not hard to envision a scenario whereby Plaintiff, who appears to be in and out of rehab and on and off the streets, could have been living at the Canoga Park address in late June or early July 2005 and not been living there in April, May, and early June of 2005.

---

[1]  If Plaintiff is to believed, the timing of the letter requesting the hearing was coincidental with the Agency's denial letter.

Whatever the reasons for Plaintiff's failure to attend the examination, because the ALJ did not provide sufficiently clear and convincing reasons for rejecting her claim that she did not receive the notices of the examination that finding is overruled. What is left is a failure on Plaintiff's part to appear for the examinations along with her excuse that she failed to appear because she was never notified to appear. Clearly, her failure to appear cannot support an unfavorable ruling if it is not clear whether she knew about the appointment. For that reason, the case is remanded for further consideration.[2]

As to Plaintiff's other claims, they, too, appear to have some merit. Plaintiff claims that all of Plaintiff's medical records did not make it into the record. Though Plaintiff would like to place blame at the feet of the ALJ, Plaintiff's counsel certainly contributed to the failure to obtain the records. He told the ALJ at the hearing that there were no more records. (AR 149-50.) Regardless of who was responsible, on remand, Plaintiff's counsel and the ALJ should insure that every pertinent record is provided to the Agency so that it can make an informed decision.

Finally, as to Plaintiff's argument that the medical records at a minimum provided enough support for a finding that Plaintiff had a severe impairment at step two, the Court is inclined to agree. Regardless of whether Plaintiff was believable at the hearing, Plaintiff's treating physician opined that Plaintiff was bipolar and

---

[2] Were it clear that Plaintiff had notice of the examination and refused to attend, the Court would likely conclude that the ALJ could reject her application on that basis. But the record is not clear on this issue.

had a GAF score of 50.  (AR 124-44.)  This certainly appears to be enough to conclude that she has a severe impairment under the minimal standard applied at step two.  On remand, the Agency should reconsider this finding as well.

IT IS SO ORDERED.

DATED:    February  13 , 2008.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\DUKES, A 7269\Memo_opinion.wpd

6